Filed 6/28/21  P. v. Mayes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEDVIENO MAYES,<br><br>Defendant and Appellant. | C090622<br><br>(Super. Ct. Nos.<br>STKCRFE20110007803,<br>SF119150A) |

In March 2013, a jury found defendant Stedvieno Mayes guilty of numerous crimes, including first degree murder (Pen. Code, § 187, subd. (a))[1] and two counts of kidnapping to commit robbery (§ 209, subd. (b)).  The jury also found true allegations that defendant personally used a firearm during the commission of the kidnappings. (§ 12022.53, subd. (b).)  In 2015, we remanded the matter to correct a sentencing error

---

[1]    Undesignated statutory references are to the Penal Code.

but otherwise affirmed the judgment. (*People v. Mayes* (July 7, 2015, C073853) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing under newly enacted section 1170.95. The trial court found defendant ineligible for relief in a written order, entered without eliciting any response from the People or holding a hearing.

Defendant timely appealed and now contends the trial court erred by denying his petition without first appointing counsel and giving the parties the opportunity to file additional briefing. The People concede the issue and agree the matter should be remanded for further proceedings. For the reasons stated below, we accept the People's concession.

I

LEGAL BACKGROUND

"Under prior California law, a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder. (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed ' "for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion." [Citations.]' (*Id.* at pp. 164-165, italics omitted.)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95 to the Penal Code.

2

Senate Bill No. 1437 "redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [his or her] participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G., supra*, 35 Cal.App.5th at p. 144.)

The new section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Once a complete petition is filed, section 1170.95, subdivision (c) sets out the trial court's responsibilities: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

3

II

PROCEDURAL BACKGROUND

A. *Defendant's Petition to Vacate Conviction*

On September 6, 2019, defendant filed a petition to vacate his conviction pursuant to section 1170.95 and attached his own declaration. In his declaration, defendant checked the boxes to indicate (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) at trial, he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and (3) he could not be convicted of first or second degree murder under the changes to sections 188 and 189. Defendant also requested counsel be appointed for "the re-sentencing process."

The record on appeal does not show that the prosecution responded substantively to defendant's petition.

B. *Trial Court Order*

On September 17, 2019, the trial court denied defendant's petition. In a written decision, the trial court detailed the law related to section 1170.95. The court also indicated it reviewed defendant's petition and court file, including the preliminary hearing transcript, the trial transcript, and this court's July 2015 opinion.

Our July 2015 opinion describes the criminal conduct that led to defendant's convictions. Defendant was one of two men who kidnapped multiple victims at gun point in order to rob their home; both defendant and his co-felon were armed with guns. (*People v. Mayes, supra*, C073853, at pp. 2-3.) While fleeing the robbery, either defendant or his co-felon shot and killed a man. (*Id.* at pp. 3-4.) At trial, the prosecution's theory was that defendant was either the actual killer or he aided and abetted his co-felon in the victim's killing. (*Id.* at pp. 12-13.)

4

After reviewing the court file, the trial court found defendant was a major participant in the victim's murder, who acted with reckless indifference to human life. As a result, the court ruled defendant "cannot, as a matter of law, establish a prima facie case that he falls within the class of persons entitled to resentencing pursuant to [] section 1170.95."

Defendant filed a timely appeal from the trial court's order denying his petition.

III

DISCUSSION

Defendant contends the trial court erred by denying his petition before appointing counsel. He argues his petition contained "the necessary allegations under section 1170.95, subdivision (b)(1), and specifically requested that counsel be appointed."

The People concede the issue. We agree the trial court erred by denying defendant's petition before appointing counsel.

A. *Standard of Review*

"Because this contention involves a question of statutory construction, our review is de novo. [Citation.] Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them 'their usual and ordinary meaning.' [Citation.] 'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citations.] 'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]" (*Imperial Merchant Services*, *Inc. v. Hunt* (2009) 47 Cal.4th 381, 387-388.)

B. *Analysis*

Two recently published cases concluded that section 1170.95, subdivision (c) requires the trial court to make two separate prima facie determinations: one before appointing counsel and receiving briefing, and one after those procedural steps have been

5

taken.  (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-329, rev. granted March 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, rev. granted March 18, 2020, S260598.)  We agree.

"The first sentence of section 1170.95, subdivision (c), directs the court to review the petition and determine if the petitioner has made the requisite prima facie showing. The second sentence provides, if the petitioner has requested counsel, the court must appoint counsel to represent him or her.  The third sentence requires the prosecutor to file and serve a response to the petition within 60 days of service of the petition and permits the petitioner to file a reply to the response.  The structure and grammar of this subdivision indicate the Legislature intended to create a chronological sequence:  first, a prima facie showing; thereafter, appointment of counsel for petitioner; then, briefing by the parties.  (*People v. Lewis, supra*, 43 Cal.App.5th at pp. 1139-1140 ['[w]hen the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text']; [citations].)"  (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 332, rev. granted.)

Here, the trial court denied defendant's petition after reviewing the court file.  The trial court determined on its own that the facts presented in the court's file were sufficient to establish that defendant was not entitled to resentencing under section 1170.95 as a matter of law because defendant "was a major participant who acted with reckless indifference to human life . . . ."  However, as explained above, defendant had already made the required prima facie showing in his petition, and the finding made by the trial court went beyond the preliminary review required to determine whether the allegations establishing the prima facie showing were accurate.  Accordingly, the trial court's summary denial of defendant's petition was in error.  We agree with both parties that the case should be remanded for further proceedings in compliance with section 1170.95.

## DISPOSITION

The trial court's postconviction order denying defendant's resentencing petition is reversed and the matter is remanded with directions to appoint counsel for defendant and proceed in accordance with the requirements of section 1170.95.

                                                           /s/
                                              BLEASE, Acting P. J.

We concur:

    /s/
MAURO, J.

    /s/
DUARTE, J.